# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JOSEPH CAMMARATA** | : | **No. 26-238** |
| | : | |

## MEMORANDUM

**KENNEY, J.** **September 24, 2026**

On May 28, 2026, the grand jury returned an indictment which charged Defendant Joseph Cammarata with one count of contempt of court in violation of 18 U.S.C. § 401(3) and one count of mail fraud in violation of 18 U.S.C. § 1341 (the "Indictment"). ECF No. 1. Cammarata filed a Motion to Dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) or, in the alternative, a Motion for a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f) (the "Motion"). ECF No. 39. The Government opposes the Motion (the "Government's Response") (ECF No. 48), and Cammarata replied to the Government's Response (ECF No. 49). For the reasons set forth below, the Court will **DENY** Defendant's Motion to Dismiss the Indictment (ECF No. 39) and **DENY** (ECF No. 39) Defendant's Alternative Motion for a Bill of Particulars.

## I. BACKGROUND

Defendant Joseph Cammarata is charged in a two-count Indictment with (1) willfully and knowingly disobeying a lawful order of this Court issued on November 4, 2021, in violation of 18 U.S.C. § 401(3) ("Count I"); and (2) knowingly causing a check of $175,000 to be delivered by the United States Postal Service for the purpose of executing a scheme to defraud Wells Fargo, N.A., Flagstar Bank, restitution victims, and the United States, in violation of 18 U.S.C. § 1341

("Count II"). *See* ECF No. 1. A Notice of Forfeiture accompanied the Indictment. *Id.* Specifically, the Government alleges that in or about January and July 2024, Cammarata instructed an individual he met while incarcerated ("Person #1") to open a bank account and to deposit a check being held by Cammarata's parents into the account. *Id.* As per the Notice of Forfeiture, the Government will seek forfeiture of any property, real or personal, constituting, or derived from, proceeds traceable to Cammarata's violations of 18 U.S.C. § 1341, including but not limited to approximately $175,000. *Id.*

Prior to these charges, Cammarata was convicted of conspiracy to commit mail and wire fraud, wire fraud, conspiracy to commit money laundering, money laundering, and aiding and abetting based on a scheme where he submitted fraudulent claims to administrators of securities class action settlement funds. *See United States v. Cammarata*, No. CR 21-00427 (E.D. Pa.) (the "2021 Criminal Case"). In the 2021 Criminal Case, the underlying charges were brought by the Government on November 3, 2021, and the jury returned its verdict finding Defendant guilty on all counts on October 26, 2022. 2021 Criminal Case, ECF No. 6; 2021 Criminal Case, ECF No. 194. In addition to the 2021 Criminal Case, the Securities and Exchange Commission (the "SEC") brought a civil action against Cammarata on November 3, 2021. *See SEC v. Cammarata*, No. CV 21-04845 (E.D. Pa.) (the "SEC Case"). The complaint filed in the SEC Case related to the same conduct at issue in the 2021 Criminal Case. SEC Case, ECF No. 1.

In the SEC Case, the Court granted a temporary restraining order (the "TRO"), which ordered that:

> **ALL FUNDS, ACCOUNTS, AND OTHER ASSETS** held, managed, owned, or controlled, whether directly or indirectly, by [Cammarata], including any assets acquired after the date of this Order and all assets within bank or brokerage accounts for which . . . Defendant has signatory authority, are hereby **FROZEN**.
>
> SEC Case, ECF No. 4.

On January 12, 2022, the Court entered a preliminary injunction which extended all provisions of the TRO, including the asset freeze. SEC Case, ECF No. 66. The preliminary injunction also made clear that the asset freeze included but was not limited to the bank accounts and property identified in the preliminary injunction. *Id.* All parties stipulated to entry of the preliminary injunction. *Id.*

The Government now charges that Cammarata violated the preliminary injunction by instructing Person #1, whom he met in prison, to pick up a check from Cammarata's parents, open a bank account in a name similar to the name of the entity to which the check was written, and deposit the check into the newly opened bank account. ECF No. 1. The entity to which the check was payable, "PB Trade LLC" was subject to the asset freeze. SEC Case, ECF No. 66. The newly opened bank account was for a newly formed entity named "PB Trade Limited Liability Company." ECF No. 1 ¶ 17 of Count I. Cammarata allegedly further instructed Person #1 to write a new check from PB Trade Limited Liability Company to be used to pay an attorney on Cammarata's behalf. The Government alleges that a check issued by the new bank account, in result of the above conduct, was transported to Cammarata's attorney via the United States Postal Service. ECF No. 1 ¶ 7 of Count II.

Cammarata moves to dismiss the Indictment asserting that the Government has failed to state an offense pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v). In the alternative, Cammarata moves for the Court to direct the Government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). *See* ECF No. 39. The Government filed a response in opposition. *See* ECF No. 48. For the reasons that follow, Cammarata's Motion (ECF No. 39) is **DENIED**.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Cr. P. 7(c)(1). The Third Circuit has interpreted this rule such that an indictment is sufficient when it "contains the elements of the offense intended to be charged," "sufficiently apprises the defendant of what he must be prepared to meet," and "allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (citing *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007)). However, "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." *United States v. Rankin*, 870 F. 2d 109, 112 (3d Cir. 1989).

Federal Rule of Criminal Procedure 12(b)(3) permits a defendant to challenge a criminal indictment, which does not meet the standards of Federal Rule of Criminal Procedure 7(e)(1) for a sufficient indictment. Fed. R. Cr. P. 12(b)(3). However, the Court will not make credibility determinations or evidentiary findings when ruling on a motion to dismiss. *United States v. DeLaurentis*, 230 F.3d 659, 660–61 (3d Cir. 2000) (finding that a motion to dismiss is not "a permissible vehicle for addressing the sufficiency of the government's evidence"); *see also United States v. Gallagher*, 602 F.2d 1139, 1142 (3d Cir. 1979) (finding that "evidentiary questions should not be determined at that stage" of the proceedings). Instead, in evaluating a motion to dismiss, this Court must "accept as true the factual allegations set forth in the indictment" and then "determine whether [the] indictment contains the elements of the offense intended to be charged." *United States v. Bergrin*, 650 F.3d 257, 264–65 (3d Cir. 2011) (internal quotation marks omitted).

A bill of particulars may be required at the Court's discretion, in order to "inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense. Only where an indictment fails to perform these functions . . . will we find that a bill of particulars should have been issued." *United States v. Urban*, 404 F.3d 754, 771–72 (3d Cir. 2005) (citing *United States v. Addonizio*, 451 F.2d 49, 63–64 (3d Cir. 1971)) (internal citation omitted).

## III. <u>DISCUSSION</u>

Defendant moves to dismiss Counts I and II from the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). *See* ECF No. 39. For the following reasons, the Court finds that the Indictment contains sufficient facts and contentions to allege sufficiently that Cammarata has committed the requisite elements of both Counts. Accordingly, the Court will deny Defendant's Motion (ECF No. 39) and allow Counts I and II to proceed.

As to Count I, which alleges criminal contempt of court, the Indictment alleges all necessary elements of this offense. As set forth above, it is improper for the Court to make factual determinations at this stage in the proceedings. *Bergrin*, 650 F.3d at 265. Instead, the Court must determine whether, if taken as true, the Indictment alleges the necessary elements of contempt of court so that a jury may find the Defendant guilty of that charge. *Gallagher*, 602 F.2d at 1142. The Indictment contains detailed allegations which explain the circumstances under which the Court granted the TRO on November 4, 2021, along with the details of the TRO and subsequent preliminary injunction, specifying that the Court's order/preliminary injunction froze all of Cammarata's assets. *See* ECF No. 1 ¶¶ 3–6 of Count I. The Indictment specifies that the asset freeze is currently in effect as to all of Cammarata's assets, including but not limited to the assets

and accounts expressly listed in the preliminary injunction. *Id.* at ¶ 11 of Count I. The Indictment further contains details as to Cammarata's parents' possession of a check that was subject to the Court's asset freeze, and the Indictment sufficiently alleges that Cammarata directed an acquaintance to use the frozen funds on Cammarata's behalf. *Id.* at ¶¶ 15–20 of Count I. The Indictment further specifies that Cammarata acted willfully and knowingly when committing the alleged conduct. *Id.* at ¶ 20 of Count I. Lastly, the Indictment specified the time period of the charged offenses. *Id.* If proven at trial, the factual allegations are sufficient to establish that Cammarata violated 18 U.S.C. § 401(3). *Id.* at ¶¶ 10–20 of Count I.

Cammarata also argues that the preliminary injunction lacks specificity and fails to sufficiently describe the restrained conduct in reasonable detail because the preliminary injunction extended all provisions of the TRO, without re-explaining or re-stating the prohibited conduct as listed in the TRO. ECF No. 39 at 5–6. This argument, however, questions the factual sufficiency of the preliminary injunction, not the sufficiency of the Indictment, which is at issue in the present motion. *See United States v. DeLaurentis*, 230 F.3d 659, 660–61 (3d Cir. 2000). Therefore, this argument does not set forth a reason as to why the Indictment should be dismissed under the operative legal standard, which does not permit the Court to opine on factual questions at this time. *Id.* The Court, however, was clear in the language of the preliminary injunction extending "**ALL** provisions in the TRO Order" (emphasis added). *See* SEC Case ECF No. 66 at 4. The preliminary injunction further explained that the asset freeze was extended and that the asset freeze applied to all of Cammarata's assets and was not limited to the accounts and property in the attached schedules. *Id.* (noting that the preliminary injunction extended all provisions of the TRO, "including but not limited to the asset freeze . . . [which] includes, but is not limited to, the accounts

and property identified in Appendices A, B, and C to this Stipulation and Preliminary Injunction Order."). Thus, the Court finds that the preliminary injunction is a valid continuance of the TRO.

As to Count II, the Government expressly incorporated the previous allegations related to Count I and further alleged that Cammarata instructed an acquaintance to open a new entity with a name similar to his company, create a new bank account in the name entity's name, deposit funds belonging to Cammarata's company into the new account, and then withdraw those funds via check from the new account to be mailed to an attorney for Cammarata's benefit. ECF No. 1 ¶¶ 1, 3–6 of Count II. The Indictment further alleges that Cammarata acted knowingly to have the funds be delivered by the United States Postal Service and a commercial interstate carrier. *Id.* at ¶ 7 of Count II. Lastly, the Indictment specified the time period of the charged offense. *Id.* at ¶ 2 of Count II. If proven at trial, the factual allegations are sufficient to establish that Cammarata violated 18 U.S.C § 1341. *Id.* at ¶¶ 3–7 of Count II.

Cammarata again argues as to the merits of the Indictment, which the Court will not evaluate at this time. His logic follows that a fraudulent scheme, required for an Indictment for mail fraud, did not take place if the preliminary injunction was insufficiently detailed. *See* ECF No. 39 at 9–10. The Court has already found that the preliminary injunction was a valid order extending all provisions of the TRO. However, the Indictment alleges that Cammarata had the motive to execute a fraud scheme. *See* ECF No. 1 ¶¶ 5–6 of Count II. Even if the preliminary injunction does not sufficiently specify the restrained conduct, Cammarata's stipulation to the enforcement of the preliminary injunction in the SEC Case makes clear that he knew that the preliminary injunction was in effect at the time of the alleged conduct. *See* SEC Case, ECF No. 66. Taking the facts in the Indictment to be true, this is sufficient to state a charge for a violation of the mail fraud statute because the Indictment alleges that Cammarata had the same intention to

execute a fraud scheme and to evade the preliminary injunction, regardless of the whether the order is sustained.

In the alternative, Cammarata has moved the Court to require the Government to provide Cammarata with a bill of particulars. ECF No. 39 at 10. As discussed, the Indictment contains detailed allegations related to Cammarata's conduct and a clear outline of both charges brought against him to prepare his trial strategy. Therefore, a bill of particulars is not required in this case. Moreover, "access to discovery further weakens the case for a bill of particulars," as Cammarata has access to the documents and evidence which the Government will rely upon at trial. *Urban*, 404 F.3d at 772 (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)). From the Indictment and discovery provided, the Defendant has every ability to prepare his defense. Therefore, a bill of particulars is not required in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendant's Motion to Dismiss the Indictment and Alternative Motion for a Bill of Particulars (ECF No. 39). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**